UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DERRICK ANTOINE SMITH, § | |
| No. 1543495, § | |
|     Petitioner, § | |
| § | |
| v. § | NO. 3:09-CV-2393-M |
| § | |
| RICK THALER, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
|     Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

Type of Case: This is a petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner Derrick Antoine Smith ("Smith" or "Petitioner") is confined at the Eastham Unit of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID") at Lovelady, Texas. Respondent is the Director of the TDCJ-CID.

Statement of the Case:

On November 13, 2008, in the 86th District Court of Kaufman County, Texas, Smith pled guilty to the offense of possession of cocaine in a drug free zone with intent to deliver, as charged in the indictment in cause number 26968-86. Smith's guilty plea was entered pursuant to a plea

1

agreement in which the State recommended confinement for five years and dropped the drug free zone enhancement. Consistent with the terms of the plea agreement the trial court sentenced Smith to five years imprisonment. Smith did not file a direct appeal.

On February 11, 2009, Smith filed a habeas application pursuant to Texas Code of Criminal Procedure article 11.07 challenging his conviction. *Ex parte Smith*, Appl. No. WR-71,635-01. On April 29, 2009, his application was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court without a hearing. *Id.* Smith filed a second application on September 22, 2009. *Ex parte Smith*, Appl. No. WR-71,635-02. On November 18, 2009, it was dismissed by the Texas Court of Criminal Appeals pursuant to article 11.07 § 4(a)-(c) as a subsequent application. *Id.*

Petitioner filed the instant petition on December 10, 2009. In response to this petition and this court's show cause order, Respondent filed copies of the prior state proceedings on February 8, 2010, and his response on March 5, 2010. Petitioner filed his reply, labeled an objection, on March 23, 2010.

<u>Findings and Conclusions</u>: Review of Smith's claims is governed by the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") because he filed his Section 2254 petition after the effective date of the AEDPA. The AEDPA, in pertinent part, provides that a federal court cannot grant relief under Section 2254 of the act unless the adjudication of a state prisoner's claim in the state court system, "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court

proceeding." 28 U.S.C § 2254(d)(1)-(2) (1996).  Findings of fact made by a state court are presumed to be correct absent clear and convincing evidence rebutting the presumption. § 2254(e)(1).  Where a petitioner challenges a state court's application of federal law under § 2254(d)(1), the petitioner must also show that the state court's decision was not only erroneous, but objectively unreasonable.  *See Yarborough v. Gentry*, 540 U.S. 1, 5, 124 S.Ct. 1 (2003) (citing *Williams v. Taylor*, 529 U.S. 362, 409, 120 S.Ct. 1495 (2000)); *see also Morrow v. Dretke*, 367 F.3d 309, 313 (5th Cir. 2004), *cert. denied*, 125 S. Ct. 421 (2004) ("[F]ederal habeas relief is only merited where the state court decision is both incorrect and objectively unreasonable.").

Smith asserts three primary grounds for relief: (1) his guilty plea was involuntary; (2) violation of his due process rights; and (3) ineffective assistance of trial counsel.  Each of his arguments is considered below.

### 1.  Involuntary Guilty Plea

As noted above, on November 13, 2008, Smith pleaded guilty to the charged offense of possession of a controlled substance with intent to deliver, a felony of the second degree.  The plea agreement signed by Smith lists the charged offense as possession of a controlled substance greater than or equal to one gram but less than four grams, with intent to deliver.  *See* App. No. WR-71,635-01 at 044-46.  The plea agreement lists the offense as a second degree felony, with a punishable range of 2-20 years confinement and an optional fine not to exceed $10,000.00.  The plea agreement reflects the state's recommendation of five years' confinement.

In addressing this claim, the state trial court found that Smith was fully admonished with respect

3

to the range of punishment for the second degree felony and that his guilty plea was freely and voluntarily entered. App. No. WR-71,635-01, *supra* at 054-55. These findings are presumed correct unless the petitioner can rebut the same by clear and convincing evidence to the contrary. § 2254(e)(1). Smith cannot carry this burden, particularly in light of the fact that his claim is wholly uncorroborated and is in direct conflict with the terms of the plea agreement which he and his attorney signed at the time he entered his guilty plea.[1] *Eg. see Hobbs. v. Blackburn*, 752 F.2d 1079, 1081-82 (5th Cir. 1985) (Official records, such as a plea agreement, are accorded great evidentiary weight). Moreover, his present claim that the amount of cocaine was less than 1 gram does not invalidate his guilty plea in exchange for a 5 year sentence. *See North Carolina v. Alford*, 400 U.S. 25, 38-39, 91 S.Ct. 160 (1970).

2. Violation of due process rights

Smith alleges that there was no evidence to support a charge in the form of a second degree felony, that he was never properly indicted on the charge he was convicted of, and that he never received a copy of the indictment.

In his findings of fact made in response to Smith's initial article 11.07 application the trial court specifically addressed the "defects" in the indictment and found them to be without merit. No. WR-71,635-01, *supra* at 053-54, ¶¶ 9-17. Smith has not rebutted the presumption of correctness nor has he cited any decision of the United States Supreme Court which suggests that these "defects" raise cognizable federal claims. The trial court did not address his claim that he never received a copy of the indictment, but as Respondent points out in his answer there is no federally

---

[1] Smith's contention that his guilty plea was involuntary because it was induced by the prosecutor's threat to seek a higher term of imprisonment if he did not accept the plea agreement was squarely rejected by the Supreme Court in *Bordenkircher v. Hayes*, 434 U.S. 357, 364-65, 98 S.Ct. 663 (1978).

4

recognized requirement that a defendant receive a copy of the charging document prior to entering a guilty plea. *Eg. see Smith v. McCotter*, 786 F.2d 697 at 702 (5th Cir. 1986).[2]

### 3. Ineffective assistance of counsel

Smith argues that he received ineffective assistance of counsel at the trial court level. Specifically, Smith argues that his retained counsel, who is also Smith's first cousin, failed to investigate the charge, failed to object to the altered indictment and to seek additional time to review the charge, and failed to explain the nature of the charge to Smith.

When a convicted defendant seeks habeas corpus relief on the ground of ineffective assistance, he must show: (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-694, 104 S.Ct. 2052 (1984). There is a strong presumption that an attorney's conduct falls within the broad range of reasonable professional assistance required under the Sixth Amendment. *Strickland*, 466 U.S. at 690. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 692. Relief will be denied where the petitioner fails to prove either prong of the two-part test. *Id.* at 697.

In order to satisfy the "prejudice" prong of the *Strickland* test when the habeas petitioner has pleaded guilty, he must allege and show that but for his attorney's unprofessional errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52,

---

[2] It is not entirely clear whether he is attacking the sufficiency of the evidence to support his guilty plea, but if this be his contention it is patently frivolous. *Eg. see Kelley v. Alabama*, 636 F.2d 1082, 1083 (5th Cir. 1981); and *Smith v. McCotter, supra* 786 F.2d at 702.

59, 106 S.Ct. 3661 (1985); and *Craker v. McCotter*, 805 F.2d 538, 542 (5th Cir. 1986). It is unnecessary to consider the "cause" prong of the *Strickland* test[3] since Smith has never claimed that but for any shortcomings on his attorney's part, he would have rejected the prosecutor's offer for a 5 year prison sentence with deletion of the "drug free zone" allegation and would instead have pleaded not guilty and exposing himself to a possible 20 year term of imprisonment.

**RECOMMENDATION:**

For the foregoing reasons, it is recommended that the petition be denied and dismissed.

A copy of this recommendation will be transmitted to Petitioner and counsel for the Respondent.

Signed this 8th day of April, 2010

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

---

[3] The alleged deficiencies in his attorney's performance are conclusory and therefore fail to raise a cognizable ground for relief. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983); and *Miller v. Johnson*, 260 F.3d 274, 282 (5th Cir. 2000).